RICHARD L. HOLMES, Retired Appellate Judge.
Sims S. Wilbanks (seller) filed a complaint, wherein he alleged that Carlton Sanders Gray (buyer) breached the contract entered into by the parties on May 23, 1992. The buyer filed an answer, wherein he denied all allegations of the complaint and pleaded the statute of frauds as an affirmative defense.
The case was tried without a jury. After hearing all the testimony and reviewing the post-trial briefs filed by the parties regarding the statute of frauds issue, the trial court issued an order, wherein it found in favor of the seller and awarded damages in the amount of $32,144 (the sales price of $28,700 and interest in the amount of $3,444).
The buyer appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
On appeal the buyer contends that the trial court committed reversible error when it found in favor of the seller. The buyer argues that the sales agreement sued upon by the seller cannot be enforced because, he says, it violates the statute of frauds (Ala. Code 1975, § 7-2-201) in the following manner: there is no writing signed by the buyer which evidences the sales agreement sued upon by the seller, and the sales price of $28,700 for the houseboat exceeds $500.
The seller contends that the contract in the present case is enforceable against the buyer because it falls under an exception to the application of the statute of frauds.
In its order, the trial court stated in pertinent part:
“The court finds that the [buyer’s] giving a check to the seller’s agent in the amount of the purchase price with no conditions written thereon and then taking exclusive *153 possession of the houseboat is sufficient to consummate the contract and to take it outside of the application of the statute of frauds.”
Our review of the record reveals that the acts and actions of the parties were as follows: The seller requested that Ed Travis (agent), who owns and operates Castaway-Island Marina, act as his agent in securing a buyer for his houseboat.
All the negotiations for the purchase of the houseboat were conducted between the agent and the buyer. The buyer made an offer, which was rejected by the seller. Thereafter, the seller made a counter-offer, which was rejected by the buyer. Then the buyer made the following counter-offer: he would purchase the houseboat for $28,700, with a running generator, a working toilet, and a boat slip paid for by the seller for six months.
The seller accepted this offer. The buyer wrote a check dated May 23,1992, payable to the seller in the amount of $28,700, the full purchase price of the houseboat, and gave it to the agent. Upon receipt of the check for the full purchase price, the agent delivered possession and control of the houseboat to the buyer. The seller removed his personal possessions from the houseboat, and the buyer moved his personal possessions onto the houseboat. The buyer used the houseboat that weekend, which was Memorial Day weekend, and returned the boat to the boat slip, which, under the terms of the contract, was to be paid for by the seller. The agent delivered the check to the seller, and the seller deposited the check.
The buyer testified that just after Memorial Day, he learned that his application for a loan had been denied. The buyer also testified that he did not notify the seller regarding his difficulty in obtaining financing. On June 3, 1992, the buyer executed a stop-payment order for the check dated May 23, 1992, in the amount of $28,700. Thereafter, the seller filed the complaint in the present case.
The dispositive issue is whether the statute of frauds applies to the contract in the present case.
Section 7-2-201 provides in pertinent part:
“(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought....
[[Image here]]
“(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable:
[[Image here]]
“(c) With respect to goods for which payment has been made and accepted or which have been received and accepted.”
The official comment to § 7-2-201 provides the following pertinent statements:
“2. ‘Partial performance’ as a substitute for the required memorandum can validate the contract only for the goods which have been accepted or for which payment has been made and accepted.
“Receipt and acceptance either of goods or of the price constitutes an unambiguous overt admission by both parties that a contract actually exists.”
We would note that the buyer testified at trial that he verbally agreed to a conditional contract for the purchase of the houseboat for $28,700. The buyer testified that when he gave the check for $28,700 to the agent, the buyer told the agent to hold the check until financing could be arranged. However, we note that the check for the purchase price contained no notation that the check would not be honored until financing could be arranged. Further, the agent testified that he does not recall the buyer telling him that it would be necessary for the buyer to obtain financing before the check could be honored and that he does not recall the buyer giving him any instructions regarding the cheek. We would further note that the buyer accepted possession and control of the houseboat, moved his personal possessions onto the houseboat, and used the houseboat at his pleasure on that Memorial Day weekend.
*154 In light of the acts and actions of the buyer as outlined above, this court does not find that the testimony of the buyer, regarding his contention that the contract was conditioned upon financing being secured, is enough to show that the contract was not consummated. The acts and actions of the buyer support a finding that this was a completed contract, which fell within the exceptions to the application of the statute of frauds and which was breached by the buyer when he issued a stop-payment order on the May 23, 1992, check.
This judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.